IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CRIMINAL CASE NUMBER: |
| DAVID HARRISON | : 1:15-cr-385-LMM-JSA |

REPORT AND RECOMMENDATION

Defendant David Harrison is accused of committing various bank robberies, in violation of 18 U.S.C. § 2113(a), other robberies in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and of using, carrying and brandishing a firearm in furtherance of these alleged crimes of violence, in violation of 18 U.S.C. § 924(c). Defendant has filed a series of motions to dismiss targeting the 924(c) counts (three, five and seven) [18][19][20], arguing that (a) the alleged bank robberies and Hobbs Act robberies in the Indictment do not categorically qualify as "crimes of violence" as required to predicate a § 924(c) violation, and (b) the Indictment fails to allege the required *mens rea* for "brandishing" a firearm. As explained below, the Court **RECOMMENDS** that these motions [18][19][20] be **DENIED**.

ANALYSIS

**I.**   *The Robbery Counts (Both Bank and Hobbs Act Robberies) Are "Crimes of Violence" for Purposes of § 924(c)*

Title 18, U.S.C., § 924(c)(1)(A), provides that:

[A]ny person who, during and in relation to any crime of violence . . . for

which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . [be sentenced to various additional mandatory minimum terms of imprisonment depending on whether the firearm is simply carried, is brandished, or is actually discharged].

The statute defines a "crime of violence" as follows:

[A]n offense that is a felony and–

(A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). The first clause above is commonly referred to as the "force clause," and the second clause is commonly referred to as the "residual clause."

In this case, one 924(c) count (Count 3) is predicated on Defendant's alleged use of a firearm in relation to an alleged violation of the federal bank robbery statute and two 924(c) counts (Counts 5 and 7) are predicated on Defendant's alleged use of a firearm in relation to alleged Hobbs Act robberies. Defendant argues that the 924(c) counts in the Indictment must be dismissed because, according to Defendant, robberies in violation of either the federal bank robbery statute and the Hobbs Act do not qualify as "crimes of violence" as a matter of law.

Defendant argues that the "residual" clause of 924(c) (§ 924(c)(3)(B)) is

unconstitutionally vague and therefore cannot support a conviction. Defendant relies principally on *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), in which the Supreme Court declared the similar but differently-worded residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), to be unconstitutionally vague.[1] Defendant, in other words, requests that this Court extend the reasoning in *Johnson* to likewise declare the residual clause of § 924(c)(3)(B) to be unconstitutionally vague.

Defendant also argues that the force clause does not apply to either the federal bank robbery statute, or to Hobbs Act robberies, because neither violation qualifies as a crime of violence under the categorical approach mandated by *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276, 2283 (2013). Under this approach, courts "look only to the statutory definitions – i.e., the elements – of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a crime of violence. *Descamps*, 133 S.Ct. at 2283. If the violation charged can be committed without the commission of an act that qualifies as an act of violence, then the statute categorically fails to

---

[1] Specifically, the Supreme Court in *Johnson* found that the definition of "violent felony" for purposes of the ACCA, as including "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another," is too "wide-ranging" and "indeterminate," and thereby "both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* at 2557.

qualify as a "crime of violence." *See United States v. McGuire*, 706 F.3d 1333, 1336-1337 (11th Cir. 2013).

Defendant argues that the Hobbs Act does not meet this categorical standard, because the term "robbery" under that statute includes the "unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person *or property*...." 18 U.S.C. § 1951(b)(1) (emphasis added). According to Defendant, because robbery under the Hobbs Act includes conduct that involves only fear of injury to one's property, which does not itself constitute any use or threat of physical force to another person, such a robbery cannot constitute a "crime of violence" under *Descamps*. Similarly, Defendant argues that the federal bank robbery statute does not meet the categorical standard, because such an offense can be committed through mere "intimidation," 18 U.S.C. § 2113(a), which again, according to Defendant, can include conduct not involving the use or threat of physical force to another.

Notably, several other circuits—the Eighth, Second, and Sixth Circuits—have distinguished § 924(c)(3)(B) from the ACCA's residual clause and upheld § 924(c)'s residual clause against vagueness challenges similar to Movant's here. *See United States v. Prickett*, No. 15-3486, ––– F.3d –––, 2016 WL 5799691, at *2 (8th Cir. Oct. 5, 2016) (" '[B]ecause several factors distinguish the ACCA residual clause from §

924(c)(3)(B),' ... we join the Second and Sixth Circuits in upholding § 924(c)(3)(B) against a vagueness challenge.") (citations omitted); *United States v. Hill*, No. 14-3872, ⸺ F.3d ⸺, 2016 WL 4120667, at *7-12 (2d Cir. Aug. 3, 2016) (declining to extend *Johnson* and finding § 924(c)(3)(B) was not unconstitutionally vague); *United States v. Taylor*, 814 F.3d 340, 375-78 (6th Cir. 2016) (finding significant differences between the language of § 924(c)(3)(B) and the ACCA's residual clause and thus the movant's argument "that Johnson effectively invalidated § 924(c)(3)(B) is accordingly without merit."). To date, however, the Eleventh Circuit has not definitively stated whether the residual clause of § 924(c) is unconstitutionally vague based on an extension of or analogy to *Johnson*. *See In re Sams*, ⸺ F.3d ⸺, 2016 WL 3997213, at *3 (11th Cir. July 26, 2016) ("We recently recognized that it is an open question whether *Johnson* applies to the residual clause set out in 18 U.S.C. § 924(c)(3)(B).").

It is unnecessary for this Court to attempt to plow new law on this question, however. Binding authority in this Circuit proclaims that–regardless of the application of the residual clause–both federal bank robbery and Hobbs Act robbery qualifies as "crimes of violence" for purposes of § 924(c)'s force clause. *See In re Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016) ("But we need not decide, nor remand to the district court, the § 924(c)(3)(B) residual clause issue in this particular case because even if *Johnson's* rule about the ACCA residual clause applies to the §

924(c)(3)(B) residual clause, Saint Fleur's claim does not meet the statutory criteria for granting this § 2255(h) application. This is because Saint Fleur's companion conviction for Hobbs Act robbery, which was charged in the same indictment as the § 924(c) count, clearly qualifies as a "crime of violence" under the use-of-force clause in § 924(c)(3)(A).")   The Eleventh Circuit has similarly held that "a bank robbery conviction under § 2113(a) by force and violence or by intimidation qualifies as a crime of violence under the § 924(c)(3)(A) use-of-force clause." *In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016).[2]

Defendant does not address or distinguish these authorities, and in fact does not reply at all to the Government's brief that points to such binding precedents.  To be sure, the above precedents were issued in a different procedural context, that is, in post-conviction motions to overturn convictions for violations of § 924(c).   But Defendant makes no argument that this procedural distinction permits a different result here, and it logically does not.  If a § 924(c) conviction based on a predicate bank or Hobbs Act robbery is constitutional under *Descamps*, it follows that a § 924(c) charges based on the same bank and Hobbs Act robbery is likewise not subject to dismissal pre-conviction under *Descamps* either.  In any event, Defendant does not

---

[2] The Eleventh Circuit had also previously made clear that an *armed* robbery charge under § 2113(a) and (d), such as what Defendant faces here in Count 2, "clearly" qualifies as a "crime of violence" under § 924(c)(3)(A).  *See In re Hines*, 824 F.3d 1334, 1337 (11th Cir. June 8, 2016).  *In re Sams* thus clarified that even a non-armed bank robbery charge under § 2113(a) alone also so qualifies.

supply any argument otherwise for the Court to consider.

Defendant makes extensive arguments as to why a crime potentially against property (such as Hobbs Act robbery) or involving only "intimidation" (such as bank robbery) should not be considered crimes of violence, citing various authorities including several outside of this Circuit. But the short answer is that the Eleventh Circuit has definitely stated otherwise in published precedents, as explained above, specifically with regard to the statutes at issue in this Indictment. It is an elementary principle of jurisprudence that this Court may not disregard and deviate from the binding precedent of its Court of Appeals. Thus, since the Eleventh Circuit has already stated in published opinions that both Hobbs Act robberies and bank robberies (both armed and non-armed) categorically qualify as crimes of violence for purposes of that clause, this Court must find accordingly. And until the Eleventh Circuit itself or the Supreme Court overturns the precedents discussed herein, Defendant's otherwise interesting academic arguments are just that, i.e., academic. This Court's role is not to engage in merely academic discussions, and so Defendant's motions to dismiss on grounds of *Johnson* [19][20] must be denied.

## II. *The 924(c) Counts Are Not Subject To Dismissal For Failing to Allege A Required Level of Intent*

Defendant's Motion to Dismiss [18] separately requests dismissal of all of the § 924(c) counts for that additional reason that they fail to allege a required element

of intent. Specifically, each of the § 924(c) charges allege that Defendant violated the statute by, among other things, "brandish[ing]" a firearm, without expressly stating that Defendant did so intentionally. It is undisputed that to "brandish" a firearm requires intent, that is, a purpose "to intimidate [a] person." 18 U.S.C. § 924(c)(4); *see also United States v. Dean*, 556 U.S. 568, 572-573 (2009) ("The defendant must have intended to brandish the firearm, because the brandishing must have been for a specific purpose.") Thus, Defendant argues that the 924(c) counts, or at least the references to brandishment, must be dismissed or stricken for failure to expressly allege purposeful intent.

The Eleventh Circuit has summarized the rules with regard to the sufficiency of an indictment as follows:

> A criminal conviction will not be upheld if the indictment upon which it is based does not set forth the essential elements of the offense." *United States v. Gayle*, 967 F.2d 483, 485 (11th Cir.1992) (*en banc*), *cert. denied*, 507 U.S. 967, 113 S.Ct. 1402, 122 L.Ed.2d 775 (1993). This rule serves two functions. First, it puts the defendant on notice of "the nature and cause of the accusation as required by the Sixth Amendment of the Constitution. Second, it fulfills the Fifth Amendment's indictment requirement, ensuring that a grand jury only return an indictment when it finds probable cause to support all the necessary elements of the crime." *Gayle*, 967 F.2d at 485. The law does not, however, require that an indictment track the statutory language. *United States v. Stefan*, 784 F.2d 1093, 1101 (11th Cir.), *cert. denied*, 479 U.S. 855, 107 S.Ct. 193, 93 L.Ed.2d 125, and *cert. denied*, 479 U.S. 1009, 107 S.Ct. 650, 93 L.Ed.2d 706 (1986). If an indictment specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge. *Stefan*, 784 F.2d at 1101–02. Similarly, if the facts alleged in the indictment warrant an inference that the jury found probable cause to

support all the necessary elements of the charge, the indictment is not fatally deficient on Fifth Amendment grounds. *Cf. United States v. McGough*, 510 F.2d 598, 602 (5th Cir. 1975) (if facts alleged warrant inference that false statements are material, an indictment is sufficient).

*United States v. Fern*, 155 F.3d 1324-25.  This is a "lenient" standard, in which "[p]ractical, rather than technical, considerations govern the validity of an indictment." *United States v. Gray*, 260 F.3d 1267, 1282-83 (11th Cir. 2001) (internal quotations and citations omitted).

In this case, Count Three, as an example, stated that:

> On or about August 12, 2015, in the Northern District of Georgia, the defendant, DAVID HARRISON, did use, carry *and brandish* a firearm during and in relation to a crime of violence, that is the bank robbery alleged in Count Two of this Indictment, an offense for which the defendant may be prosecuted in a court of the United States, all in violation of Title 18, United States Code, Sections 924(c)(l)(A)(ii) and (c)(l)(C)(I).

[1] at 2 (emphasis added).  The other 924(c) counts use identical language except for alleging different dates and different predicate crimes of violence.  None of these counts, in other words, use any words traditionally associated with specific intent crimes, such as "willfully" or "intentionally."

Nevertheless, while it is undisputed that "brandishment" is a purposeful act, Defendant cites no authority stating that a 924(c) charge premised on brandishing a firearm must include any specific words to allege the proper intent.  Notably, *Dean* itself was not addressed to the sufficiency of an indictment charging brandishment and, in fact, discussed the issue of brandishment only in *dicta*.  The issue in *Dean* was

whether the separate prong of 924(c) that ascribed certain penalties where a firearm is "discharged" during a crime of violence requires specific intent or whether, as the Government argued, that prong applies even in the case of an accidental discharge. The Supreme Court ruled in the Government's favor, and explained that the statutory proscription against discharging a firearm in relation to a crime of violence did *not* require proof of intent.  In reaching this determination, the Court considered that Congress defined certain terms, such as "to brandish," as expressly being an act of specific intent, but declined to define "discharge" as requiring such intent.  The Court thereby inferred that if Congress wished to limit "discharge" to intentional acts, it would have said so, as it expressly did in the same statute with regard to brandishment.  Thus, neither *Dean* nor any other authority cited by Defendant states that a charge of brandishment specifically requires an express statement of *mens rea* in the indictment.

Defendant analogizes to precedents addressing a different violation, that is, the offense of transmitting a threat in interstate commerce under 18 U.S.C. § 875(c).  In *Elonis v. United States*, 135 S.Ct. 2001 (2015), the Supreme Court changed what had been governing law in this Circuit regarding the element of intent in a threat case. Previously, the Eleventh Circuit found that the Government only needed to allege and prove that a defendant conveyed what an objective reasonable person would construe as a threat, and did not need to allege or prove that the defendant subjectively intended

to convey such a threat. *See, e.g., United States v. Martinez*, 736 F.3d 981 (11th Cir. 2013). This intent standard was changed by *Elonis*, which held that 875(c) requires a defendant's subjective intent to threaten. Thus, the Eleventh Circuit subsequently held that an indictment that fails to expressly allege specific intent to threaten, or facts from which such intent can be inferred, and that only alleges "that a reasonable person would regard [a defendant's] communication as a threat," must be dismissed. *See United States v. Martinez*, 800 F.3d 1293, 1295 (11th Cir. 2015). Defendant analogizes to that ruling here, arguing that because brandishing a firearm requires volition, and because none of the typical words used in an indictment to signal volition (e.g., "intentionally," "purposefully," etc.) appear in the 924(c) counts, the counts must be dismissed or at least the references to "brandishment" must be stricken.

The Court cannot agree with Defendant. While no specific intent level was expressly stated, the very words used by the Indictment necessarily included an allegation of intent. The Indictment alleged that the Defendant "brandish[ed]" a firearm, in violation of § 924(c)(1)(A)(ii). The meaning of the term "brandish" for purposes of this violation is not ambiguous, as it is specifically defined in an another subsection of that same statute, § 924(c)(4), as referring only to acts performed "in order to intimidate [another] person." The use of the defined term "brandish" in the Indictment, therefore, necessarily informs Defendant of the nature of his offense, and

warrants an inference that the grand jury applied the proper law in assessing probable cause.

This case is significantly distinguishable from the precedents relied upon by Defendant involving the interstate threat statute, § 875(c). The charging language in those cases did not use statutory language that necessarily included the requisite intent. To the contrary, in *Martinez*, the Indictment made no allegations at all as to the defendant's subjective intent, and only alleged "that a reasonable person would regard [the defendant's] communication as a threat." This language was therefore plainly insufficient after *Elonis*, which explained that violations of § 875(c) require not just that the threatening nature of a communication be objectively reasonable, but also that a defendant subjectively intended to make a threat. Because no language expressly or by implication or incorporation alleged anything about the defendant's subjective intentions, the § 875(c) charge in *Martinez* was obviously deficient. This line of cases involving § 875(c) simply has no bearing here, where the Indictment tracked statutory language that, as a matter of law, necessarily meant intentional conduct.

## **CONCLUSION**

For the reasons stated above, Defendant's Motions to Dismiss [18][19][20] should be **DENIED**.

This case is **READY FOR TRIAL**.

**IT IS SO RECOMMENDED** this 13th day of June, 2017.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE