IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

DAVID HARRISON,

Defendant.

CRIMINAL ACTION NO.
1:15-CR-385-LMM

## ORDER

This case comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [32], recommending that the Court deny Defendants' Motions to Dismiss [18, 19, 20]. Pursuant to 28 U.S.C. § 636(b)(1), Defendant filed objections to the R&R.

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's Report and Recommendation for clear error if no objections are filed. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id.; FED. R. CRIM. P. 59(b)(3). As Defendant filed objections to the R&R, the Court

reviews the Magistrate Judge's findings and recommendations regarding these conclusions on a *de novo* basis. 28 U.S.C. § 636(b)(1).

Defendant first objects to the Magistrate Judge's recommended denial of his Motions to Dismiss under Johnson, as he claims that robberies in violation of the federal bank robbery statute and the Hobbs Act do not qualify as "crimes of violence" under § 924(c)'s force or residual clauses as a matter of law. See Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2013) (holding that the similar, but differently worded, residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii) was unconstitutionally vague). However, as Defendant acknowledges, "binding precedent in the Eleventh Circuit prevents this Court from granting the relief he seeks." Obj., Dkt. No. [38] at 1. Thus, the Court **OVERRULES** his Objections as to his unconstitutionally vague Motions to Dismiss [19, 20].

As to his Motion to Dismiss based on Dean and the Fifth and Sixth Amendments [18], Defendant's entire argument is that "[t]his issue is solely a legal argument. Mr. Harrison reiterates, relies on, and incorporates by reference all of his legal arguments in his briefs filed in this matter, and disagrees with the legal analysis of the Magistrate Judge." Obj., Dkt. No. [38] at 3. The Court has reviewed the R&R and finds that the Magistrate Judge correctly applied the law. Thus, Defendant's Objections are **OVERRULED** and Defendant's Motion to Dismiss based on Dean and the Fifth and Sixth Amendments [18] is **DENIED**.

## I. CONCLUSION

In accordance with the foregoing, the Court **ADOPTS** the Magistrate Judge's R&R [32]. Defendants' Motions to Dismiss [18, 19, 20] are **DENIED**.

The trial in this action is hereby set to begin on Monday, August 28, 2017 at 9:30 A.M. in Courtroom 2107. The pretrial conference will be held on Tuesday, August 22, 2017 at 9:30 A.M. in Courtroom 2107. By noon on Thursday, August 10, 2017, the parties are to file the following: motions *in limine* and proposed *voir dire* questions. By noon on Thursday, August 10, 2017, the Government must file a brief summary of the indictment that the parties can rely on for *voir dire*. By noon on Thursday, August 17, 2017, the parties are to file responses to motions *in limine* and any objections and to those items listed above.

Excludable time is allowed through August 28, 2017, pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B)(iv), to give counsel for Defendant and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served outweigh the best interest of the public and the Defendant in a speedy trial and are consistent with both the best interest of the public and individual justice in this matter.

**IT IS SO ORDERED** this 2nd day of August, 2017

Leigh Martin May
**United States District Judge**